# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

**SEDRIC A. SMITH**,

                Plaintiff,

v.                                                       Case No. 25-cv-192

**CITY OF MILWAUKEE,**
**POLICE OFFICER JUSTIN ARREDONDO**
**POLICE OFFICER JEREMY A. WEBER**

                Defendants.

## COMPLAINT

NOW COMES Plaintiff, Sedric A. Smith, through his attorneys, OVB Law & Consulting, S.C., and hereby alleges his claims against the Defendants as follows:

## PARTIES

1. Plaintiff, Sedric A. Smith, at all times material hereto, has been a resident of the City of Milwaukee, State of Wisconsin.

2. Defendant, the City of Milwaukee, at all times relevant, was a municipal corporation, organized and existing under the laws of the State of Wisconsin. The City of Milwaukee's principal office is located at City Hall, 200 East Wells Street, Room 205, Milwaukee, Wisconsin 53202.

3. Defendants, Justin Arredondo and Jeremy A. Weber, at all times material hereto, were adult residents of the City of Milwaukee, State of Wisconsin and were employed by the Milwaukee Police Department ("MPD"), through Defendant City of Milwaukee.

4. At all times material hereto, the Defendants were acting under color of law, were carrying out their duties as MPD police officers, and were acting within the scope of their employment under Defendant City of Milwaukee.

1

## JURISDICTION AND VENUE

5. Jurisdiction of the Court is conferred by Title 28 of the United States Code, Sections 1331 and 1343(a)(3) and (4).

6. The U.S. District Court for the Eastern District of Wisconsin is the proper federal venue for this action, pursuant to Title 28 of the United States Code, Section 1391 (b), because it is the judicial district where the Plaintiff's constitutional rights were violated.

## FACTUAL BACKGROUND

7. On January 29, 2024, Plaintiff was working as a security officer at the Ascension Columbia St. Mary's campus located at 2301-2323 N Lake Drive, Milwaukee, Wisconsin.

8. Plaintiff was an employee of Ascension Columbia St. Mary's.

9. Plaintiff's duties included patrolling the Ascension Columbia St. Mary's grounds by foot, including the main hospital, emergency room, and parking structures.

10. Plaintiff is a Black male.

11. Upon information and belief, the parking structure at 2323 N Lake Dr, Milwaukee, Wisconsin is patrolled by SECURITAS, a private security company.

12. In the early morning hours of January 29, 2024, at approximately 4:16 AM, Plaintiff received a security dispatch request from the SECURITAS security officer seeking assistance with an adult male found sleeping inside of the Ascension parking lot at 2323 N Lake Dr, Milwaukee, Wisconsin.

13. The adult male was shirtless and without shoes.

14. Plaintiff responded to the parking structure, as did several of his colleague security officers.

2

15. Upon arrival to the parking structure, Plaintiff engaged the individual and requested him to vacate the premises.

16. The individual became aggressive and hostile, swearing, calling Plaintiff racial slurs, and threatening Plaintiff and his colleagues with violence.

17. The individual exhibited behaviors indicating that he was a threat to himself and Plaintiff and his colleagues.

18. Plaintiff eventually detained the adult male and with the assistance of his colleagues, successfully handcuffed the individual and placed him on the ground on his side.

19. The adult male continued to engage in disturbing and threatening behavior, including spitting, yelling profanity and racial slurs, and making threats to harm Plaintiff and his colleagues. At this point he was able to stand up and escape to a lower level of the parking structure.

20. Plaintiff and his colleagues were able to detain the individual once again and transfer him to the first floor of the parking structure while they waited for MPD.

21. When Defendants Justin Arredondo and Jeremy A. Weber arrived on scene at approximately 4:33 AM, they witnessed the individual exhibit behaviors indicating that he was a threat to himself and the Plaintiff.

22. Upon arrival, Defendants Arredondo and Weber found the individual detained, placed him in the back of their squad car, and upon information and belief, searched the individual's backpack where they found a knife.

23. Upon information and belief, the individual continued to yell obscenities and engage in threatening behavior while in the back of the squad car.

24. Defendants Arredondo and Weber spoke to Plaintiff's colleague on scene who upon information and belief conveyed to them that the individual had threatened to physically harm the Plaintiff and called him racial slurs.

25. Plaintiff's colleague further conveyed to Defendants Arredondo and Weber that the individual had physically launched himself at the SECURITAS security officer in an attempt to harm them.

26. The individual was identified as Edgar Padilla.

27. Upon MPD's arrival on scene and detaining Padilla in the back of the squad car, Plaintiff returned to patrolling the Ascension Columbia St. Mary's Emergency Room.

28. Defendants Arredondo and Weber called an ambulance to transfer Padilla to a hospital.

29. Neither Defendant Arredondo nor Weber accompanied Padilla in the ambulance.

30. The ambulance arrived at 5:26 AM and transferred Padilla to the Emergency Room at Ascension Columbia St. Mary's located at 2301 N. Lake Dr, Milwaukee, Wisconsin, without police escort – the same hospital where Plaintiff was employed and on duty.

31. Padilla was released into the care of the hospital without police escort or order and with all of his belongings, including the knife found in Padilla's backpack.

32. Neither Defendant Arredondo nor Weber seized the knife on Padilla's person before releasing him to the ambulance or to the public.

33. Neither Defendant Arredondo nor Weber invoked Chapter 51, Wis. Stat. to detain Padilla.

34. Less than an hour after Defendants Arredondo and Weber released Padilla, he stabbed Plaintiff in the Emergency Room public restroom.

35. Upon seeing Mr. Smith enter the Emergency Room restroom, Padilla followed Plaintiff into the restroom unaccompanied, where he violently attacked Plaintiff, stabbing him multiple times.

4

36. Milwaukee Police were called back to the scene by emergency room staff at 6:05 AM on January 29, 2024. Padilla was taken into custody at approximately 6:13 AM.

37. Plaintiff sustained a laceration to his right upper back and posterior neck region requiring seven sutures, a laceration to his posterior scalp requiring four staples, and a laceration to his left forearm.

38. On January 31, 2024, Padilla was charged in Milwaukee County Case No. 24CF000477 with Attempted 1st-Degree Intentional Homicide with Use of a Deadly Weapon.

**Count I:**
**Title 42, United States Code, Section 1983**
**State Created Danger**
**Against Defendants City of Milwaukee, Arredondo, and Weber**

39. Plaintiff realleges and incorporates herein by reference paragraphs 1-38 of this Complaint.

40. Under the Fourteenth Amendment, Plaintiff is entitled to due process and the equal protections of the law.

41. At all times material hereto, Defendants Arredondo and Weber were acting under the color of state law, employed by MPD under the Defendant City of Milwaukee

42. Through their acts, or failure to act, the City of Milwaukee and Defendants Arredondo and Weber, either singly or in combination, placed Plaintiff in a danger that he otherwise would not have faced.

43. The danger was Padilla – who Defendants Arredondo and Weber knew to be a direct threat to the safety of Plaintiff, who Defendants Arredondo and Weber knew possessed a dangerous weapon, who Defendants Arredondo and Weber failed to detain under the powers relegated to them under Chapter 51 of the Wisconsin Statutes, from who Defendants Arredondo and Weber failed to seize his weapon, and who was released into the public in the emergency room where Plaintiff worked.

44. The risk that Padilla would harm Plaintiff if he saw him again was serious and predictable risk in that he possessed a knife, called Plaintiff racial slurs, and threatened to physically harm Plaintiff.

45. The acts by the Defendants that increased the danger to Plaintiff were:

   a. Releasing Padilla to the public armed with a knife.

   b. Ordering Padilla transferred to the same hospital where Plaintiff and his colleagues were employed with full knowledge that Padilla had threatened their physical safety.

   c. Withholding information from the ambulance that Padilla was a threat to employees of the hospital and was armed with a knife.

   d. Withholding information from the hospital that Padilla was a threat to employees of the hospital and was armed with a knife.

   e. Failing to use the powers and authority conferred upon them to detain Padilla under Chapter 51 of the Wisconsin Statutes.

46. The City of Milwaukee and its employees have a positive duty prescribed by law to put into effect and execute procedures and policies that protect the public and process persons who pose a threat of harm to others in a manner which protects the public.

47. The conduct of Defendant City of Milwaukee and Defendants Arredondo and Weber violated the fundamental due process rights of Plaintiff as secured by the U.S. Constitution and 42 U.S.C. § 1983.

48. Defendant City of Milwaukee was aware of this danger and ignored the outcome.

49. The Defendants acted with deliberate or reckless indifference toward Plaintiff.

50. As a direct and proximate result of the acts and omissions described herein, Plaintiff has been harmed and is entitled to compensatory damages, including but not limited to future and past medical bills, pain and suffering, emotional distress, lost wages, and punitive damages.

51. Plaintiff is entitled to recovery of costs and fees, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

### Count II:
### Title 42, United States Code, Section 1983
### Failure to Protect
### Against Defendants City of Milwaukee, Arredondo, and Weber

52. Plaintiff realleges and incorporates herein by reference paragraphs 1-51 of this Complaint.

53. Plaintiff had a clearly established right under the Fourteenth Amendment's Due Process Clause to be protected from a known and substantial risk of harm.

54. Defendants Arredondo and Weber, acting under color of state law and within the scope of their employment with the Milwaukee Police Department (MPD), were aware of a strong likelihood that Edgar Padilla posed a serious and imminent risk of harm to Plaintiff.

55. There was a strong likelihood that Plaintiff would be seriously harmed by Edgar Padilla as a result of an assault, not just a mere possibility. This was evident by Defendants being informed of Padilla's behavior and witnessing them including:

    a. Padilla's prior verbal threats toward Plaintiff, including racial slurs and explicit threats of physical harm;

    b. Padilla's violent actions, including attempting to attack security personnel;

    c. The discovery of a knife in Padilla's possession by Defendants, including spitting on Plaintiff and threatening to kill Plaintiff; and,

    d. Padilla's continued erratic and aggressive behavior while detained.

56. Defendants knew of this strong likelihood of harm, as demonstrated by:

    a. Their direct observation of Padilla's threatening behavior;
7

b. Their knowledge that Padilla had a knife and had attempted to attack security officers;

c. Their decision to release Padilla without taking measures to neutralize the threat; and,

d. Their failure to confirm whether Padilla posed an ongoing danger to Plaintiff, despite the obviousness of the risk.

57. Defendants consciously failed to take reasonable steps to prevent an assault on Plaintiff. Amongst other things, they:

a. Failed to seize the knife from Padilla before releasing him;

b. Failed to detain Padilla under Chapter 51 of the Wisconsin Statutes for his dangerous and erratic behavior;

c. Failed to escort or ensure proper supervision when transferring Padilla to the hospital where Plaintiff worked;

d. Failed to warn hospital staff and security, including Plaintiff, about the known risk that Padilla posed; and,

e. Released Padilla into the exact environment where he had already threatened Plaintiff, despite knowing the likelihood of further violence.

58. As a direct and proximate result of Defendants' failure to take reasonable protective measures, Padilla was able to reenter the hospital, locate Plaintiff, and brutally attack him, causing: a laceration to Plaintiff's right upper back and posterior neck, requiring seven sutures; a laceration to Plaintiff's scalp, requiring four staples; a laceration to Plaintiff's left forearm; and severe pain, emotional distress, and psychological trauma.

59. At all times material, Defendants Arredondo and Weber were acting under the color of state law, within the scope of their employment as Milwaukee Police Officers.

8

60. Defendants' actions and omissions constitute deliberate indifference to Plaintiff's constitutional rights under the Fourteenth Amendment and violate 42 U.S.C. § 1983.

## Count III:
## Negligence Against All Defendants

61. Plaintiff realleges and incorporates herein by reference paragraphs 1-60 of this Complaint.

62. All Defendants had a duty to the general public as a whole and to Plaintiff in particular to correctly respond to a trouble with subject call and detain individuals who pose a threat of safety to the public. This duty is set forth in, among other places internal handbooks and guidelines, municipal rules and regulations and state law.

63. This duty was breached by the various combined acts of the Defendants, who failed to accomplish the ministerial task of processing paperwork necessary to detain Padilla, secure Padilla, restrain Padilla, removing Padilla from circumstances that posed great risk of physical harm to the Plaintiff, amongst other failures.

64. The failure of the Defendants caused the City of Milwaukee to release Padilla – who – predictably – stabbed Plaintiff within minutes after his release. Padilla was released without being admitted to the hospital, without receiving a mental health evaluation, and with his knife still on his person. The combined effect of these failures was well known to all Defendants.

65. As a direct and proximate result of the Defendants' acts described herein, Plaintiff has been harmed and is entitled to compensatory damages, including but not limited to future and past medical bills, pain and suffering, emotional distress, and lost wages.

## Count IV:
## 42 U.S.C. Section 1983 Municipal Liability Against
## Defendant City of Milwaukee for Failure to Train

66. Plaintiff realleges and incorporates herein by reference paragraphs 1-65 of this Complaint.

9

67. Defendants Arredondo and Weber's acts and omissions on January 29, 2024, resulted in the deprivation of Plaintiff's Constitutional rights.

68. Defendant City of Milwaukee has a custom of failing to train their officers.

69. Defendant City of Milwaukee's failure to train their officers, resulted in the deliberate indifference of Plaintiff's Fourteenth Amendment rights.

70. Because of Defendant City of Milwaukee's custom of failing to train their officers, Defendants Arredondo and Weber created the danger causing Plaintiff to be stabbed by Padilla.

71. Defendant City of Milwaukee had constructive notice that its actions and failure to act was substantially certain to result in a Fourteenth Amendment constitutional violation and it consciously or deliberately chose to disregard such risk to Plaintiff's harm.

72. That, prior to January 29, 2024, and continuing to the present, the policymakers of the Defendant City of Milwaukee made a conscious choice from various alternatives to follow its official policies with respect to the training of MPD officers.

73. That, as set forth in the preceding paragraphs, at the time of the incident and continuing to the present, Defendant City of Milwaukee's official policies with respect to the training of MPD officers were/are inadequate with respect to the recurring situations of encountering individuals who pose a threat to the safety of the public and individuals who call on them for protection.

74. At the time of the incident, the policymakers of Defendant City of Milwaukee knew or should have known that its training regarding detaining persons pursuant to Chapter 51 of the Wisconsin Statutes, was likely to result in Fourteenth Amendment constitutional violations.

75. As a result of Defendant City of Milwaukee's failure to train their officers, Plaintiff has been harmed and is entitled to compensatory damages, including but not limited to future and past medical bills, pain and suffering, emotional distress, lost wages, and punitive damages.

76. The Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1. In favor of the Plaintiff, against the Defendants individually and the City of Milwaukee, as set forth in the preceding paragraphs, jointly and severally, for compensatory damages, including but not limited to, future and past medical bills, pain and suffering, and emotional distress.

2. In favor of the Plaintiff, against the Defendants individually and the City of Milwaukee, as set forth in the preceding paragraphs, for punitive damages.

3. In favor of the Plaintiff, against the Defendant City of Milwaukee, as set forth in preceding paragraphs, for its liability pursuant to Wisconsin Statute Section 895.46;

4. For injunctive and other equitable relief reforming the policies and customs of the City of Milwaukee, to prevent actions and harm in the future; and

5. For all costs, disbursements, interest, and reasonable attorneys' fees, pursuant to Title 42 of the United States Code, Section 1988, and for such of the relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all matters as to which he is entitled by law.

Respectfully submitted, this 7th day of February 2025.

                                              **OVB Law & Consulting, S.C.**
                                              Attorneys for Plaintiff

                                              *Electronically signed by*:

                                              *s/O. Emil Ovbiagele*
                                              State Bar No. 1089677
                                              *s/Connor J. Dartt*
                                              State Bar No. 1121857

                                              826 N Plankinton Ave., Suite 600
                                              Milwaukee, WI 53203
                                              (414) 585-0588 (office)
                                              (414) 255-3031 (fax)
                                              emil@ovblaw.com
                                              connor@ovblaw.com

12

Case 2:25-cv-00192-JPS    Filed 02/07/25    Page 12 of 12    Document 1