**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

SEDRIC A. SMITH,

Plaintiff,

v. E.D. Case No. 25-CV-192

CITY OF MILWAUKEE,
POLICE OFFICER JUSTIN ARREDONDO
POLICE OFFICER JEREMY A. WEBER,

Defendants.

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

---

Defendants Arrendondo, Weber, and City of Milwaukee, by their attorney, Evan C. Goyke, City Attorney, represented by Deputy City Attorney Naomi E. Sanders, submit the following brief in support of their motion to stay proceedings:

## FACTUAL BACKGROUND

Around 4:16 a.m. on January 29, 2024, private security patrolling the parking structure at 2323 N. Lake Drive[1] in Milwaukee requested Milwaukee Police Department ("MPD") to respond to an altercation with an unwanted guest, later identified as Edgar Padilla. (ECF No. 2, ¶¶ 12-19). Private security staff had detained Padilla before officers arrived. (ECF No. 2, ¶ 18). Officers took custody of Padilla. (ECF No. 2, ¶ 22). They issued a citation to Padilla, called an ambulance to address his medical needs, and left the scene. (ECF No. 2, ¶¶ 28, 30). *See also* Sanders Decl., ¶ 3, Ex. A. Ambulance staff subsequently transferred Padilla to the care of the Ascension Columbia St. Mary's Hospital emergency room staff at 5:26 a.m. (ECF No. 2, ¶ 30).

[1] The Ascension Columbia St. Mary's Hospital Milwaukee campus is found at this location.

Later, after receiving medical care, Padilla attacked Plaintiff inside the hospital. (ECF No. 2, ¶ 34). Thereafter, at or around 6:13 a.m., officers responded to the emergency room and took Padilla into custody. (ECF No. 2, ¶ 36).

## LEGAL ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)). The Supreme Court's decisions in *Twombly* and *Iqbal* require that civil pleadings demonstrate some merit or plausibility in complaint allegations to protect defendants from having to undergo costly discovery unless a substantial case is brought against them. *United States v. Vaughn*, 722 F.3d 918, 926 (7th Cir. 2013); *see also Twombly*, 550 U.S. at 557 (a complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint alleges four claims: state-created danger (Count I), failure to protect (Count II), negligence (Count III), and municipal liability (Count IV). Dismissal is warranted because even if all of the allegations in Plaintiff's complaint are true, he is not entitled to relief as a matter of law.

### I. Plaintiff's Complaint Does Not Plausibly Allege A Claim For State-Created Danger.

The Fourteenth Amendment's Due Process Clause generally does not impose a duty to protect individuals from harm by private actors. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195-96, 109 S. Ct. 998 (1989). The state-created danger doctrine is a narrow exception to this general rule that holds a duty to protect may arise when a "special relationship" exists – such as, by virtue of the state's custody over an individual. *Id.* at 199-200. However, the exception rarely applies outside the most egregious circumstances. *Estate of Allen v. City of Rockford*, 349 F.3d 1015, 1022 (7th Cir. 2003). *Compare Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 917 (7th Cir. 2015) ("The exception applies where the state creates or increases a danger to an individual.") (citation omitted), *with Sandage v. Bd. of Comm'rs*, 548 F.3d 595, 599 (7th Cir. 2008) ("'[C]reate or increase' must not be interpreted so broadly as to erase the essential distinction between endangering and failing to protect.").

The Seventh Circuit has identified three necessary elements to establish state-created danger liability: (1) the state must create or increase danger to an individual by affirmative acts; (2) the state's failure to protect must be the proximate cause of the Plaintiff's injury; and (3) the failure to protect, under the circumstances, must shock the conscience. *King ex rel. King v. East St. Louis School District 189*, 496 F.3d 812, 817 (7th Cir. 2007).

Plaintiff's claim is not plausible on its face because even taking the complaint allegations as true, he cannot establish any of these required elements.

Fundamentally, Plaintiff's complaint alleges that he was put in danger by Defendants' *inaction*. (ECF No. 2, ¶¶ 29, 30, 32-33). The Seventh Circuit has considered, and rejected, similar arguments. *Windle v. City of Marion, Ind.*, 321 F.3d 658, 662 (2003) ("Appellant fails to grasp that she has to establish that the police failed to protect her from a danger *they created or made worse.* She confuses the inert failure to protect with the proactive creation or exacerbation

of danger.") (emphasis original). Defendants failure to take other steps which Plaintiff speculates would have protected him is not equivalent to having affirmatively created or exacerbated danger as a matter of law.

Nor can Plaintiff establish proximate causation. Plaintiff alleges that the defendant-officers transferred custody of Padilla to paramedics, who transported him for emergency medical care, and that following his discharge he attacked Plaintiff. (ECF No. 2, ¶¶ 28-35). Defendants connection to Plaintiff's ultimate injury is too attenuated, and the chain of causation is broken by multiple superseding and/or intervening actors, such that no reasonable factfinder could conclude these defendants proximately caused Plaintiff's injury. *See generally Buchanon-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827-28 (7th Cir. 2009) ("[Plaintiff's injury] was simply too remote a consequence of the [Defendant's] actions to hold the [Defendant] responsible under federal civil rights law.").

Even if Plaintiff's complaint could satisfy the affirmative-acts and proximate-cause elements, his claim still must fail because the defendant-officer's conduct – i.e. transferring Padilla to medical professionals to assess his medical needs – does not plausibly "shock the conscience." *See, e.g. Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S. Ct. 1708 (1998) ("[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level."); *Jackson v. Indian Prairie Sch. Dist. 204*, 653 F.3d 647, 655 (7th Cir. 2011) ("Making a bad decision, or even acting negligently, does not suffice to establish the type of conscience-shocking behavior that results in a constitutional violation.").

Ultimately, the foreseeability of the result bears upon whether failing to prevent it is or is not an egregious failure. Releasing a suspect for medical transport is not objectively

unreasonable, nor was Plaintiff's ultimate injury predictable under the circumstances. The facts in this case are readily distinguishable from prior circumstances involving conscience-shocking state action. *See, e.g. Monfils v. Taylor*, 165 F.3d 511 (7th Cir. 1998) (police released a recording of an anonymous tip despite assuring the tipster it would remain confidential); *Reed v. Gardner*, 986 F.2d 1122 (7th Cir. 1993) (officers left an intoxicated passenger in possession of an automobile after arresting the driver for drunk-driving).

## II. Plaintiff's Complaint Does Not Plausibly Allege A Claim For Failing to Protect The Plaintiff.

Failure-to-protect claims generally arise in the context of custody. *See generally Estate of Perry v. Wenzel*, 872 F.3d 439, 453 (7th Cir. 2017) (stating when a government actor takes someone into custody he has a corresponding duty to provide for his safety and well-being). However, there is no record basis upon which to conclude that Defendants bore any special relationship to Plaintiff based on custodial status. Indeed, Plaintiff alleges he left the scene and returned to other duties when officers arrived. (ECF No. 2, ¶ 27). As such, the most plausible reading of Plaintiff's Count II is that it simply restates Count I, re-asserting that Defendants' owed him a special duty under the Fourteenth Amendment. For the reasons discussed *supra*, this argument must fail. Even if Plaintiff's Count I were viable, the Court should still dismiss Count II as duplicative.

## III. Plaintiff's State-Law Negligence Claim Is Foreclosed By Wis. Stat. § 893.80(4).

The gravamen of Plaintiff's Count III is that Defendants are liable to him in negligence for citing and releasing Padilla, rather than arresting him. (ECF No. 2, ¶¶ 29-30). Such a claim is not viable under state law because municipal employees, including police officers, are entitled to discretionary immunity. *See* Wis. Stat. § 893.80(4); *see also Scarpaci v. Milwaukee County*, 96

Wis. 2d 663, 280 N.W.2d 757 (1979) ("Quasi-judicial" or "quasi-legislative" acts are synonymous with discretionary acts.).

"A law enforcement officer may arrest a person" under Wisconsin law when "[t]here are reasonable grounds to believe that the person is committing or has committed a crime." *See* Wis. Stat. § 968.07. Plaintiff's complaint plausibly suggests officers *could* have arrested Padilla during the first encounter with him. But, that is not enough. There is no ministerial duty to arrest because the statute employs the discretionary "may," rather than the mandatory "shall." Municipal actors may be liable for failing to perform a ministerial duty, but not for their discretionary performance of official duties. Therefore, Plaintiff's Count III fails to state a claim upon which relief may be granted.

### IV. Plaintiff's Municipal Liability Claim Must Fail Without An Underlying Civil Rights Violation.

Municipal liability is difficult to prove. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 617 (7th Cir. 2022). To establish municipal liability based on alleged failure-to-train theory "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." *J.K.J. v. Polk Cnty*., 960 F.3d 367, 378 (7th Cir. 2020) (quoting *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 405 (1997)). This requires proof that the risk of constitutional violations was "known and obvious" to policymakers, typically by evidence of a pattern of similar instances. *J.K.J.*, 960 F.3d at 380.

Plaintiff's failure-to-train claim must fail <u>both</u> because Plaintiff failed to allege any plausible constitutional violation, and even if he could, he has not pleaded sufficient facts upon which a rational factfinder could conclude City officials were deliberately indifferent to a known and obvious risk. *See, e.g., Mayes v. City of Hammond, Ind.*, 442 F. Supp. 2d 587, 635 (N.D. Ind. 2006) (Isolated incidents do not show deliberate indifference).

## CONCLUSION

For the reasons stated above, the Court should grant Defendants' motion to dismiss in its entirety.

Dated and signed at Milwaukee, Wisconsin this 23rd day of May, 2025.

EVAN C. GOYKE
City Attorney

s/ Naomi E. Sanders
NAOMI E. SANDERS
Deputy City Attorney
State Bar No. 1061388
*Attorneys for Defendants*

**P.O. ADDRESS:**
200 East Wells Street
City Hall 800
Milwaukee, WI 53202
414-286-2601 – Telephone
414-286-8550 – Facsimile
Email: nsande@milwaukee.gov

1032-2025-458297899