# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SEDRIC A. SMITH,<br><br>                        Plaintiff,<br><br>v.<br><br>CITY OF MILWAUKEE, JUSTIN ARREDONDO, and JEREMY A. WEBER,<br><br>                        Defendants. | Case No. 25-CV-192-JPS<br><br>**ORDER** |

**1.**	**INTRODUCTION**

In February 2025, Plaintiff Sedric A. Smith ("Plaintiff") sued Defendants City of Milwaukee, Justin Arredondo, and Jeremy A. Weber (collectively, "Defendants"). ECF No. 1. In April 2025, after Defendants failed to timely respond following service of process, the Court ordered Plaintiff to either request entry of default or otherwise update the Court as to the status of this matter. April 14, 2025 text order. Plaintiff filed a status report, informing the Court that the parties had privately agreed to an extension of time to April 21, 2025 for Defendants to file responsive pleadings. ECF No. 9. The Court adopted the parties' stipulation to extend Defendants' time to respond. April 17, 2025 text order.

On April 23, 2025, Plaintiff requested entry of default after Defendants failed to file responsive pleadings by the April 21, 2025 extended deadline. ECF No. 10. The Clerk entered default the following day. Approximately a month later, Defendants appeared and moved the Court to set aside default and to accept instanter its simultaneously filed motion to dismiss. ECF Nos. 15, 17. That motion is now fully briefed. ECF

Nos. 15, 21, 24. For the reasons discussed herein, the Court will deny Defendants' motion to set aside default and to accept instanter their motion to dismiss.

2. **LAW AND ANALYSIS**

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). Good cause "can mean failing to respond to a summons or complaint through inadvertence (rather than willfully ignoring pending litigation)." *Norman v. City of Lake Station*, 845 F. App'x 459, 460 (7th Cir. 2021) (citing *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009)).

As the bases for good cause, counsel for Defendants asserts that the City Attorney's Office Litigation Division is short staffed, that she has "taken the lead" on various other cases,[1] and that she is out of the office 16 hours per week on FMLA leave. ECF No. 15 at 1–2; ECF No. 16 at 1–2. She also notes that "[t]he staff in charge of docketing made the clerical error of failing to enter the answer deadline onto [her] calendar." ECF No. 15 at 2; ECF No. 16 at 2.

The Court is satisfied that Defendants have demonstrated good cause. This standard is relatively "lenient" and "does not necessarily

---

[1] The Court does not doubt that counsel for Defendants has sufficient work on her plate. That said, several of the cases to which counsel cites as contributing to her workload do not appear to have involved extensive participation on her part and should not, therefore, have played any role in her failure to timely prepare for this case. For example, counsel cites to Case No. 22-cv-783 as a case in which she has "taken the lead," ECF No. 16 at 2, but she did not appear in that case until it was in a mediation posture over two years after its filing. *See Barken v. Sarenac*, No. 22-cv-783-JPS, ECF No. 96; Dec. 17, 2024 and Jan. 16, 2025 docket entries (E.D. Wis. 2022) (reflecting settlement and approval thereof by city judiciary committee within approximately two months of counsel's appearance). Counsel also references Case No. 21-CV-600, but she only entered her appearance in that case on April 10, 2025, and the case settled the following month. *See Taylor v. Schwarzhuber et al.*, No. 21-cv-600-LA, ECF Nos. 87, 95 (E.D. Wis. 2025).

require a good excuse for the defendant[s'] lapse." *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015) (citing *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) and *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 368 (7th Cir. 1983)). The staff member's failure to enter the answer deadline into defense counsel's calendar appears to be a mistake rather than an indication of "willful avoidance." *Norman*, 845 F. App'x at 460.

"The part seeking to set aside the entry of default," however, "must also show quick action to correct the error and present a meritorious defense to the complaint, meaning 'more than bare legal conclusions . . . but less than a definitive showing that the defense will prevail.'" *Id.* (quoting *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014)).[2] "What constitutes quick action varies from case to case." *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023).

Defendants fail to show "quick action to correct the error" here. *Norman*, 845 F. App'x at 460. Counsel for Defendants states that "[a]fter receiving notice of the entry [of default] from one of the Defendants" on "April 30, 2025"—six days after the entry of default—she "immediately" began obtaining necessary documents to draft the motion to dismiss. ECF No. 15 at 2; ECF No. 24 at 3.[3] Counsel for Defendants did not, however,

---

[2]Defendants' moving brief does not acknowledge these requirements. *See* ECF No. 15.

[3]She also notes that she "contacted the Department," presumably referring to the Milwaukee Police Department, "to obtain the necessary documents to draft Defendants' Motion to Dismiss." ECF No. 15 at 2. It is not clear to what documents she refers or why any documents in the Milwaukee Police Department's possession would be necessary to draft Defendants' motion to dismiss, since at the pleadings stage the Court accepts the well-pleaded facts in the complaint as true. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

enter her appearance or file anything in the case until over four weeks after the Clerk entered default in this matter, and over three weeks after she was personally made aware of the entry of default. And as Plaintiff notes, counsel for Defendants was already on notice of this matter several weeks prior to the entry of default since the parties had previously stipulated to extend Defendants' responsive pleading deadline. ECF No. 21 at 2–3; April 17, 2025 text order; ECF No. 9 at 1 (noting that the parties were in contact with each other regarding the case on April 10, 2025).

Given her preexisting knowledge of the case and its status, the Court cannot conclude that the over three-week delay in noticing her appearance and moving to set aside the entry of default was appropriate here. *See Cracco,* 559 F.3d at 631 (concluding that the defense "acted in a timely fashion to have the default order set aside" since it "filed its motion only eight days after the Court entered an order of default, on the day that it learned about the legal proceeding"); *Norman*, 845 F. App'x at 460–61 (concluding that the defense satisfied the "prompt-action requirement" since the defendants "obtained counsel, filed appearances, and moved to vacate . . . in less than two weeks" after having been "made aware of the case by the entry of default"); *McMahon v. S&M Auto Brokers, Inc*., No. 24 C 09660, 2025 U.S. Dist. LEXIS 16199, at *10–11 (N.D. Ill. Jan. 29, 2025) (concluding that quick action element was not met where the defendant "had actual notice" of the lawsuit in October, had default entered against it in November, and did not move to vacate until four weeks later, in December); *Dunn v. GJI, Inc*., No. 1:16-cv-03276-RLY-MJD, 2017 U.S. Dist. LEXIS 122521, at *9 (S.D. Ind. June 28, 2017) ("[A] court may exercise its

Page 4 of 5
Case 2:25-cv-00192-JPS    Filed 07/08/25    Page 4 of 5    Document 25

discretion to deny relief where a defendant delays filing [the] motion for several weeks." (citation omitted).[4]

### 3. CONCLUSION

Because they have not demonstrated that they took "quick action to correct" their default, *Norman*, 845 F. App'x at 460, the Court will deny Defendants' motion to set aside default and to accept their motion to dismiss instanter. ECF No. 15. The Clerk of Court shall strike Defendants' motion to dismiss, ECF No. 17, from the record. The Court will accordingly order Plaintiff to file a renewed motion for default judgment, *see* June 4, 2025 text order, on or before **August 12, 2025**.

Accordingly,

**IT IS ORDERED** that Defendants City of Milwaukee, Justin Arredondo, and Jeremy A. Weber's motion to set aside entry of default and accept motion to dismiss instanter, ECF No. 15, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall strike Defendants' motion to dismiss, ECF No. 17, from the record; and

**IT IS FURTHER ORDERED** that Plaintiff Sedric A. Smith shall **FILE** a renewed motion for default judgment on or before **August 12, 2025**.

Dated at Milwaukee, Wisconsin, this 8th day of July, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[4] The Court accordingly does not consider whether Defendants have "present[ed] a meritorious defense to the complaint." *Norman*, 845 F. App'x at 460.